IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| v. | 22-cr-55-jdp |
| DIDION MILLING, INC., DERRICK CLARK, SHAWN MESNER, JAMES LENZ, JOSEPH WINCH, ANTHONY HESS, and JOEL NIEMEYER, | |
| Defendants. | |

---

Three of the defendants have filed a discovery motion raising several issues. Dkt. 101. One of the issues is more time sensitive than the others, so I will address it now. Specifically, defendants move to compel defendants to comply with the December 1 amendments to Rule 16(a)(1)(g), which impose new requirements for expert disclosures. The Supreme Court's order adopting the amendments states that they shall govern in pending cases if applying them is "just and practicable." Dkt. 101-7, at 4.

In this case, the government's expert disclosures are due on December 22, and it wouldn't be fair to impose new requirements on such short notice. So for its December 22 disclosures, the government need only comply with the requirements of the former rule.

But this case will involve substantial expert evidence, and fulsome disclosure of the experts' opinions will help the parties prepare for trial, and it will help the court make timely and sound rulings on the admissibility of expert evidence. And there is enough time before trial to comply with the amended rule.

The government suggests that it not be required to disclose expert reports for its non-retained experts, following the civil version of the expert disclosure rule. But the distinction between retained and non-retained experts invites abuse, so this court has traditionally required expert reports of all experts in civil cases. Whether an exception is warranted in this case for witnesses who are primarily fact witnesses, but who might offer limited technical testimony, is a matter the court will take up at the January 5 status conference.

Also at the January 5 status conference, with the parties' input, I will set a deadline for the disclosure of expert reports under the new version of the rule. I expect defendants to comply with the new rule for their February 22 disclosures.

Entered December 9, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge