IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

Case No.:  22-cr-55-jdp-(1)

DIDION MILLING, INC.

Defendant.

---

## PLEA AGREEMENT

---

1.     This is the proposed plea agreement between the Defendant and the United States in the above-captioned case.

2.     **ACCEPTANCE OR REJECTION BY THE COURT:** The parties agree this plea agreement will be governed by Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant, a corporation, understands that, if the Court accepts this agreement, the recommendations or requests made in this agreement will bind the Court once the Court accepts the plea agreement.  Defendant understands that if the Court rejects the agreement, the Court must (A) inform the parties that the Court rejects the plea agreement, (B) advise Defendant, through its authorized representative, that the Court is not required to follow the plea agreement and give Defendant an opportunity to withdraw the plea, and (C) advise Defendant, through its authorized representative, that if the plea is not withdrawn, the Court may dispose of the case less favorably toward Defendant than the plea agreement contemplated.  The Defendant understands that if the Court rejects the agreement, the United States also has the right to withdraw from this agreement and to be freed from any obligations under this agreement.

3.     **PLEA AND PENALTIES:** Defendant agrees to plead guilty to Counts 6 and 7 of the Indictment, each charging it with 18 U.S.C. § 1001.  Defendant acknowledges that for each conviction of 18 U.S.C. § 1001 it may be sentenced to a term of probation lasting not less than one year nor more than five years, a fine of not more than $500,000, and a mandatory $400 special assessment.  Defendant also agrees that probation can include the special terms of probation. Defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, Defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

4.    **JOINTLY AGREED SENTENCE**: The parties agree that the sentence jointly recommended and requested pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) will consist of the following:

    a.    *Fine*: Defendant will pay a combined total criminal fine of $1,000,000.

    b.    *Special Assessment:* Defendant will pay an $800 special assessment at or before sentencing.

    c.    *Probationary Term:* Defendant will serve a five-year term of organizational probation. The terms of probation shall include the following specific provisions, in addition to the relevant mandatory conditions enumerated in 18 U.S.C. § 3563(a)(1), (6), and (7):

        i.    **Enhanced OSHA Inspection Authority:** The parties agree that, during the term of probation, as a special condition of probation, Defendant shall allow the Occupational Safety and Health Administration (OSHA) and its designees to inspect Defendant's Cambria mill without a warrant, without advance notice, without undue delay, and without a specified inspection reason. The scope of such inspections authorized by this agreement may be as broad as a "comprehensive inspection" under the OSHA inspection regime, meaning a substantially complete and thorough inspection of all potentially hazardous areas of the establishment for matters under OSHA's jurisdiction; provided, however, such inspections shall occur no more frequently than twice per calendar year.

        In making inspections pursuant to this probationary condition, OSHA shall have access to and the right to require the production of such documents in the possession or control of Defendant, subject to limitations of privilege, as OSHA reasonably requires and requests.

        Defendant understands that any undue delay or refusal in permitting OSHA to access the facility or obtain records may result in a violation of probation.

    d.    *Restitution*: As a special condition of probation pursuant to 18 U.S.C. § 3563(b), Defendant will pay $10,250,000 in restitution to the estates of decedents who died in the May 31, 2017, explosion and to surviving victims who suffered bodily injury.

The parties agree that the restitution amount is for economic harms related to lost past and future income and represents an amount above and beyond the amount paid to victims in the past or future under workers compensation insurance. The restitution amount is not related to medical or mental health treatment costs otherwise covered by workers compensation insurance. The distribution of the restitution amount among victims will be determined in subsequent proceedings before the Court, and Defendant shall provide any information requested to assist in determining or facilitating the distribution. Other than providing requested information, the Defendant shall not have a role in establishing, apportioning, or transmitting payments made by the Defendant under Section 4(e) of this plea agreement.

Defendant agrees that a victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund of the Department of the Treasury without in any way negating the obligation of the Defendant to make such payments. Defendant agrees that any restitution payments that are not assigned for distribution to a victim will be made to the Crime Victims Fund.

As the parties have agreed to the restitution amount to be paid pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(a)(3) and a schedule of payments as part of this plea agreement, to victims of conduct other than a count of conviction, the parties agree that the procedures set forth in 18 U.S.C. §§ 3664(a), (b), (d), (e), (f), (h), (i), (l), (m), and (n) are not necessary due to the circumstances of this case and the terms of this Plea Agreement. The parties agree that the United States in keeping with its obligations and practices, will notify victims of this agreement, seek information from victims regarding their economic losses; provide the Court with information it receives from victims, including loss amounts, impact statements, and contact information. The parties further agree that nothing in this provision is intended to prevent the Probation Office from independently contacting victims or victims from directly contacting the Probation Office.

e.    *Schedule of Payments*: The fine and restitution amounts will be paid in equal amounts over five years at a regular interval to be agreed upon by the parties (including whether interest will be assessed) at least 10 days before the date of sentencing OR in the absence of such an agreement, as determined by the Court after the plea agreement is accepted by the Court. The parties anticipate requesting a hearing for this purpose, if needed. Each party

3

reserves the right to seek leave of the Court to modify the schedule of payments agreed upon or as determined by the Court should there be a substantial change in circumstances warranting the same. Payments are to be made in the form of a check deposited with the Clerk of the Court, or by wire transfer if acceptable to the Clerk of the Court. Defendant may elect to pay the restitution or fine early.

5.    **RIGHTS WAIVED BY PLEADING GUILTY:** Defendant acknowledges by pleading guilty, that it is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to testify and present evidence; and (f) to compel the attendance of witnesses. The Defendant also agrees that it waives its right to challenge its conviction or to withdraw from its guilty plea based on trial rulings or outcomes for other defendants in this matter, except as otherwise provided in Paragraph 2 of this plea agreement.

6.    **APPELLATE RIGHTS WAIVER:** Defendant acknowledges, after consultation with its attorneys, that it fully understands the extent of its rights to appeal the conviction and sentence in this case.  By the signature of its authorized corporate representative below, Defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal its conviction, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

7.    **COLLATERAL ATTACK:** Defendant acknowledges, after consultation with its attorney, that it knowingly and voluntarily waives any right to challenge the conviction entered or sentence imposed under this agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack.

8.    **FACTUAL BASIS (FILED SEPARATELY):**  Defendant agrees that the facts set forth in the attached Statement of Facts are true and correct, and that, if this case were to proceed to trial, the United States would be able to prove those facts beyond a reasonable doubt. Defendant acknowledges, understands, and agrees that it is, in fact, guilty of the offenses described herein. The information in the Statement of Facts is provided to establish a factual basis for the Defendant's guilty plea and the applicability of the Sentencing Guidelines agreed to above. The Statement of Facts is not a full recitation of the Defendant's knowledge of, or participation in, the offenses.

9.    **SCOPE OF RESOLUTION:** The Environment and Natural Resources Division of the U.S. Department of Justice agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred as to the Defendant

4

provided that the following two conditions are met: (a) the criminal conduct relates to or arises out of the conduct described in the Indictment and the investigation related thereto; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute does not include tax violations or crimes of violence and does not limit the prosecuting authority of any other sections or divisions of the Department of Justice or any other federal, state, or local regulatory or prosecuting authorities. It does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the Defendant. Nothing in this plea agreement is intended to modify, alter, or bar any agreements or settlements reached between the Defendant and OSHA or EPA concerning citations and suspension proceedings arising out of the May 31, 2017, explosion and subsequent enforcement actions.

10.     Subject to the provisions of Paragraph 9, nothing in this agreement shall be construed to permit Defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect Defendant from prosecution for any crimes not included within this agreement or committed by Defendant after the execution of this agreement. Defendant understands and agrees that the United States reserves the right to prosecute Defendant for any such offenses. Defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to Defendant's obligations under this agreement shall constitute a breach of this agreement. In the event of such a breach, Defendant will not be allowed to withdraw Defendant's guilty plea.

11.     The Defendant acknowledges and understands that the Probation Office may request information and evidence from the United States from or about its investigation in this matter and that the United States will provide such requested information to the Probation Office.

12.     **COOPERATION:** Defendant agrees to make one or more record custodians available to testify fully and truthfully at any trials or hearings. Defendant understands that this plea agreement is not conditioned upon the outcome of any trial. This agreement is, however, contingent upon complete and truthful testimony in response to questions asked by the Court, the prosecutor, or lawyers for any party.

13.     **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts of the indictment against Defendant (Counts 1, 2, 4, 5, and 9) at sentencing. The Defendant understands and agrees that the dismissal of the remaining counts of the indictment is not an agreement or concession on the merits of the charges. The parties agree to refrain from making public statements concerning the strength or weakness of dismissed counts and agree to refer interested parties to the public record for information regarding the same. Nothing in this paragraph shall limit the Defendant from asserting defenses in a judicial or administrative proceedings that

are consistent with the legal, factual, and scientific positions it maintained in the course of defending itself against the charges in these proceedings.

14.    **FINANCIAL RECORDS:** The Defendant agrees that in the event of a hearing on a schedule of payments under this agreement, a request by the Defendant to modify the schedule of payments under this agreement, a failure to adhere to the schedule of payments, or other default on required payments under this agreement, the Defendant shall provide the United States with current financial records, including but not limited to income statements, balance sheets, statement of cash flow, statement of retained earnings, and financial institution records. Defendant agrees that if the Probation Office seeks and obtains financial documentation from the Defendant in connection with a request by the Defendant to modify the schedule of payments, or a default on the required payments, the Probation Office may disclose to the United States all such documentation.

15.    **VOLUNTARINESS OF PLEA:** Defendant, through its authorized representative, acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the Defendant to plead guilty. Defendant, through its authorized representative, acknowledges that it has read this agreement, has carefully reviewed it with its attorneys and understands and voluntarily accepts all its terms.

16.    **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, Defendant, through its authorized representative, and counsel acknowledge that this is the only plea agreement in this case.

TODD KIM
Assistant Attorney General, ENRD
U.S. Department of Justice

_9/27/23_

Date

By:_____

SAMUEL CHARLES LORD
Trial Attorney

_9-27-23_

Date

ZACH FARDON, ESQ.,
MARK A. CAMELI, ESQ.
Attorneys for the Defendant

6

are consistent with the legal, factual, and scientific positions it maintained in the course of defending itself against the charges in these proceedings.

14.     **FINANCIAL RECORDS:** The Defendant agrees that in the event of a hearing on a schedule of payments under this agreement, a request by the Defendant to modify the schedule of payments under this agreement, a failure to adhere to the schedule of payments, or other default on required payments under this agreement, the Defendant shall provide the United States with current financial records, including but not limited to income statements, balance sheets, statement of cash flow, statement of retained earnings, and financial institution records. Defendant agrees that if the Probation Office seeks and obtains financial documentation from the Defendant in connection with a request by the Defendant to modify the schedule of payments, or a default on the required payments, the Probation Office may disclose to the United States all such documentation.

15.     **VOLUNTARINESS OF PLEA:** Defendant, through its authorized representative, acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the Defendant to plead guilty. Defendant, through its authorized representative, acknowledges that it has read this agreement, has carefully reviewed it with its attorneys and understands and voluntarily accepts all its terms.

16.     **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, Defendant, through its authorized representative, and counsel acknowledge that this is the only plea agreement in this case.

TODD KIM
Assistant Attorney General, ENRD
U.S. Department of Justice

9/27/23
_____
Date

By:_____
SAMUEL CHARLES LORD
Trial Attorney

_____
Date

_____
ZACH FARDON, ESQ.,
MARK A. CAMELI, ESQ.
Attorneys for the Defendant

6

_9/27/23_
Date

RILEY DIDION, CEO
FOR Defendant Didion Milling, Inc.

## ACKNOWLEDGEMENTS

I, Riley Didion, am the duly authorized representative of Defendant Didion Milling, Inc., and I have been authorized by Didion Milling, Inc., to sign this plea agreement. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. Didion Milling, Inc., has been advised by its attorneys regarding all aspects of the case, including the charges, the elements of those charges, possible defenses, and the implications of the sentencing guidelines. Didion Milling, Inc., is entering into this plea agreement freely and voluntarily. Didion Milling, Inc., is satisfied that its attorneys have provided effective assistance of counsel.

9/27/23
_____
Date

_____
RILEY DIDION, CEO
FOR Defendant Didion Milling, Inc.

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
ZACH FARDON, ESQ.,
MARK A. CAMELI, ESQ.
Attorneys for Defendant

8

## ACKNOWLEDGEMENTS

I, Riley Didion, am the duly authorized representative of Defendant Didion Milling, Inc., and I have been authorized by Didion Milling, Inc., to sign this plea agreement. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. Didion Milling, Inc., has been advised by its attorneys regarding all aspects of the case, including the charges, the elements of those charges, possible defenses, and the implications of the sentencing guidelines. Didion Milling, Inc., is entering into this plea agreement freely and voluntarily. Didion Milling, Inc., is satisfied that its attorneys have provided effective assistance of counsel.


_____          _____
Date                             RILEY DIDION, CEO
                                 FOR Defendant Didion Milling, Inc.


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


__9/27/23_____          _____
Date                             ZACH FARDON, ESQ.,
                                 MARK A. CAMELI, ESQ.
                                 Attorneys for Defendant

8

## ACKNOWLEDGEMENTS

I, Riley Didion, am the duly authorized representative of Defendant Didion Milling, Inc., and I have been authorized by Didion Milling, Inc., to sign this plea agreement. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. Didion Milling, Inc., has been advised by its attorneys regarding all aspects of the case, including the charges, the elements of those charges, possible defenses, and the implications of the sentencing guidelines. Didion Milling, Inc., is entering into this plea agreement freely and voluntarily. Didion Milling, Inc., is satisfied that its attorneys have provided effective assistance of counsel.

_____          _____
Date                                      RILEY DIDION, CEO
                                          FOR Defendant Didion Milling, Inc.


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____          _____
Date                                      ZACH FARDON, ESQ.,
                                          MARK A. CAMELI, ESQ.
                                          Attorneys for Defendant

8